IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Lawrence D. Jacobson, | |
| Plaintiff, | |
| | Case No.: 22-cv-0096 |
| -vs- | |
| Dufresne Spencer Group, LLC dba Ashley Furniture HomeStore, | PLAINTIFF DEMANDS TRIAL BY JURY |
| Defendant. | |

COMPLAINT

Plaintiff Lawrence D. Jacobson ("Plaintiff" or "Jacobson"), by his attorney, Law Office of Michael J. Fleck, P.C., complains against Defendant Dufresne Spencer Group, LLC dba Ashley Furniture HomeStore ("Defendant" or "Ashley Furniture") as follows:

Nature of Action

1. This is an action for discrimination under the Age Discrimination in Employment Act, ("ADEA"), 29 U.S.C. § 621-634 *et seq*.

2. At all times mentioned, Plaintiff Jacobson, a male, was an employee with defendant Ashley Furniture from January 31, 2011 through March 18, 2020 as a sales associate in the Algonquin, Kane County, Illinois, and for the purposes of the ADEA is considered an "employee" under 29 U.S.C. § 630 (f).

3. Defendant Ashley Furniture is an "employer" for the purposes of the ADEA, under 29 U.S.C. § 630 (b) as it was at all times mentioned, Jacobson's employer and engaged in an industry affecting commerce who has twenty or more employees for each working day in each of

twenty or more calendar weeks in the current or preceding calendar year.

4. Ashley Furniture discriminated against Jacobson because of his age (>40 years), contrary to the provisions of the ADEA as more fully set forth below.

### Jurisdiction and Venue

5. This Court has original subject matter jurisdiction over Jacobson's Civil Rights claims pursuant to 28 U.S.C. § 1331.

6. Jacobson was at all times mentioned, and is currently a resident of Carpentersville, Kane County, Illinois.

7. Ashley Furniture is headquartered in Arcadia, Wisconsin.

8. Dufresne Spencer Group, LLC is headquartered in Memphis Tennessee. It is a Delaware Limited Liability Company (LLC) and is registered as a foreign LLC in the State of Illinois.

9. Ashley Furniture has retail locations throughout the State of Illinois and specifically throughout the Northern District of Illinois' Federal District Court.

10. Venue in this Court is proper because the defendant conducts business within this judicial district and division, and the events giving rise to Jacobson's claims primarily occurred in this judicial district and division. 28 U.S.C. § 1391(b) (2).

### Administrative Prerequisites

11. On July 13, 2020, Jacobson filed a charge with the Equal Employment Opportunity Commission, No. 440-2020-04166, alleging that he had been discriminated against on the basis of his age, being >40 years, under the Age Discrimination in Employment Act (ADEA) of 1967 (Exhibit 1 - Redacted).

12. Jacobson's instant complaint proceeds under an ADEA claim.

13. On November 18, 2021, the United States Equal Employment Opportunity Commission issued a Notice of Right to Sue letter, authorizing him to commence a civil action under the ADEA within 90 days of the receipt of the Right to Sue letter. (Exhibit 2).

14. This Complaint is thus timely filed.

Background Facts

15. At all relevant times, Jacobson qualified for the protections of the ADEA.

16. On or around January 31, 2011, Jacobson was hired by Ashley Furniture as a sales associate.

17. As part of his compensation, Jacobson was paid a salary against draw, bonus, and certain perquisites.

18. Jacobson performed his duties satisfactorily, receiving recognition for his sales, especially in mattresses and related products.

19. Just before his termination in March, 2018, Ashley Furniture started hiring young, less inexperienced people to serve as sales associates.

20. These new hires were under the age of 40 years.

21. These new hires were similarly situated to Jacobson in that they performed the same duties and had the same title, but had much less sales experience, as compared to Jacobson's 30 years of furniture sales experience.

22. On or about March 18, 2020, he was terminated, told that "lack of work" led to this decision.

23. Nevertheless, the younger sales associates were retained, despite this "business decline"

24. Another female associate, named Carolyn Murray, who was also greater than 40 years of age was also terminated on or about the same date as plaintiff.

25. Just prior to her termination, Carolyn Murray overheard the Store Manager, Neil Andree, talking to the Regional Manager about the need to "clean house and get young blood in here" because younger inexperienced people could be molded into their liking.

## COUNT I – ADEA

26. Jacobson restates and re-alleges paragraphs 1 through 25 as though fully set forth herein.

27. Jacobson is a member of a protected class under the ADEA, being >40 years of age.

28. Jacobson was meeting his employer's legitimate business expectations.

29. Nevertheless, Jacobson was terminated from his position on the basis of his age in violation of the ADEA, by terminating him in favor of younger (under 40 years) sales associates, despite their claim that he was terminated due to lack of work.

30. Other younger sales associates were allowed to remain employed, despite the alleged "lack of work."

31. Ashley Furniture intentionally committed these violations with malice or with reckless indifference to Jacobson's federally protected rights under the ADEA.

32. As a direct and proximate result of said acts, Jacobson suffered the loss of employment and related income and perquisites therefrom, future employment and income, humility, emotional distress and embarrassment from losing his job.

WHEREFORE, Plaintiff respectfully requests that he be granted all available relief, including:

A. An injunction to prevent future discriminatory employment practices;

B. Reinstatement;

C. An award of back pay and front pay, restoration of all lost perquisites, seniority, and benefits;

D. An award of liquidated damages in an amount to be determined at trial for defendant's willful and wanton violation of the ADEA;

E. His reasonable attorney's fees and costs pursuant to the ADEA; and

F. Such other relief as the Court deems proper.

<u>Jury Demand</u>

Plaintiff demands trial by jury on all Counts of the Complaint.

Lawrence D. Jacobson, Plaintiff

By: /s Michael J. Fleck
Michael J. Fleck
ARDC #6229245
Attorney for Plaintiff

Prepared By:

Michael J. Fleck  #6229245
Law Office of Michael J. Fleck, P.C.
11608 Dean Street – Suite 100
Huntley, IL  60142
847-669-2558
mfleck@flecklawoffice.com